**\* \* § 362 INFORMATION SHEET \* \***

Douglas Diaz       S-10-15872-BAM
DEBTOR      Case No:      MOTION #:

EMC Mortgage Corporation      CHAPTER: 13
MOVANT

---

***Certification of Attempt to Resolve the Matter Without Court Action:***
Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(3), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

*Date:* _____     *Signature:* _____
                                                *Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION: 737 Willow Avenue, Henderson, NV 89002

NOTICE SERVED ON: Debtor(s) __x__ ; Debtor's counsel __x__ ; Trustee __x__ ;

DATE OF SERVICE: July 29, 2010

| MOVING PARTY'S CONTENTIONS:<br>The EXTENT and PRIORITY of LIENS: | DEBTOR'S CONTENTIONS:<br>The EXTENT and PRIORITY of LIENS: |
|---|---|
| 1st $276,932.15<br>2nd $48,264.00<br>3rd<br>4th<br>Other: Cost of Sale $14,400.00<br>Total Encumbrances: $339,596.15<br><br>APPRAISAL of OPINION as to VALUE:<br><br>$180,000.00 per Debtor's Schedules | 1st<br>2nd<br>3rd<br>4th<br>Other:<br>Total Encumbrances:<br><br>APPRAISAL of OPINION as to VALUE: |
| TERMS of MOVANT'S CONTRACT<br>with the DEBTOR(S):<br><br>Amount of Note: $235,920.00<br>Interest Rate: 7.250%<br>Duration: 30 years<br>Payment per Month: $1,063.55<br>Date of Default: October 1, 2009<br>Amount in Arrears: $2,734.71<br>Date of Notice of Default: Jan. 28, 2010<br>SPECIAL CIRCUMSTANCES:<br><br>SUBMITTED BY: Kevin Hahn<br><br>SIGNATURE: /s/Kevin Hahn | DEBTOR'S OFFER of "ADEQUATE"<br>PROTECTION" for MOVANT<br>.<br>.<br>.<br>.<br>.<br>.<br>.<br>.<br>SPECIAL CIRCUMSTANCES:<br><br><br>SUBMITTED BY:<br>SIGNATURE: |

Kevin Hahn
Nevada Bar No. 9821
MALCOLM ♦ CISNEROS, A Law Corporation
608 South 8th Street
Las Vegas, Nevada 89101
(800) 741-8806 Phone
(949) 252-1032 Fax
kevin@mclaw.org

E-FILED JULY 29, 2010

Attorneys for EMC MORTGAGE CORPORATION

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Chapter 13 |
| DOUGLAS DIAZ, | Case No. S-10-15872-BAM |
| Debtor. | Hearing Date: August 30, 2010<br>Hearing Time: 1:30 p.m. |
| | Location: Foley Federal Building<br>Courtroom No. 3 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION

Movant, EMC MORTGAGE CORPORATION, and its Successors and/or Assigns ("EMC MORTGAGE"), by and through Kevin Hahn, its attorney, hereby moves this Court pursuant to 11 U.S.C. § 362, for its Order Terminating Automatic Stay as it applies to certain real property located in Clark County, Nevada or in the alternative, providing EMC MORTGAGE with adequate protection of its secured obligation.

This Motion is based upon the attached Memorandum of Points and Authorities, and the 362 Information Sheet, as well as upon the documents filed in support of the Motion.

DATED: July 29, 2010

                                            Respectfully Submitted,

                                            /s/ *Kevin Hahn*
                                            KEVIN HAHN
                                            Nevada Bar No. 9821
                                            Attorney for secured Creditor,
                                            EMC MORTGAGE CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTORY STATEMENT

EMC MORTGAGE CORPORATION, and its Successors and/or Assigns ("EMC MORTGAGE/Movant") requests the Court to grant it relief from the automatic stay because the Debtor has failed to tender regular monthly mortgage payments to Movant, because there is no equity in the Property for the benefit of the Debtor or the estate, and because the Debtor has indicated in his Chapter 13 Plan that he is surrendering the Property.

## II. STATEMENTS OF FACTS

1.  **The Secured Debt.** The Debtor is the Trustor under a Note secured by a Deed of Trust against the real property commonly known as 737 Willow Avenue, Henderson, NV 89002 (the "Property"). The Debtor acknowledges the secured debt in his Schedules. True and correct copies of the Debtor's Schedules "A" and "D" are attached hereto as Exhibit "1."

2.  **The Default Under The Note.** EMC MORTGAGE's Note and Deed of Trust are contractually due for the October 1, 2009 payment. As a result of the default, EMC MORTGAGE recorded a Notice of Default against the Property on January 28, 2010. The total delinquency under the Note is set forth in detail on Exhibit "2" to the Motion.

3.  **The Debtor's Interest In The Property.** The Debtor is the owner of record of the Property.

4.  **The Filing Of The Instant Petition.** On or about April 5, 2010, Douglas Diaz filed the instant Chapter 13 Petition as Case No. S-10-15872-BAM.

5.  **The Post-Petition Delinquency.** The Debtor has failed to make "post-petition" payments that have come due. The post-petition default through the July 2010 payment is exclusive of fees and costs, is set forth below and subject to change.

| | |
|---|---:|
| 2 Payments at $835.58 each | $ 1,671.16 |
| 1 Payment at $1,063.55 | $ 1,063.55 |
| **Total "Post Petition" Balance Due** | **$ 2,734.71** |

Attorney fees and costs plus other miscellaneous costs, if any, must be added to this figure.

///

6.     **The Total Indebtedness Under The Note.**  The total indebtedness owed to EMC MORTGAGE, under the Note, exclusive of attorney fees, other miscellaneous costs and interest that continues to accrue is as follows:

| | |
|---|---:|
| Principal Balance | $ 257,926.38 |
| Interest Accrued as of July 2010 | $ 15,992.96 |
| Escrow Advance | $ 873.33 |
| Total Fees | $ 14.00 |
| Accumulated Late Charges | $ 167.12 |
| Recoverable Balance | $ 1,958.36 |
| **TOTAL:** | **$ 276,932.15** |

7.     **The Total Liens On The Property.**  The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---:|
| 1.  EMC MORTGAGE CORPORATION (1st trust deed) | $ 276,932.15 |
| 2.  EMC MORTGAGE CORPORATION (2nd trust deed) | $ 48,264.00 |
| TOTAL | $ 325,196.15 |

8.     **The Value Of The Property.**  The amount owing and recorded against the Property (excluding costs of sale) is $325,196.15. By the Debtor's own admission, the Property has a fair market value of $180,000.00. Accordingly, the Property has no equity for the benefit of the Debtor or the estate. True and correct copies of the Debtor's Schedules A and D are attached hereto as Exhibit "1."

### III.    THE AUTOMATIC STAY SHOULD BE TERMINATED BASED ON THE DEBTOR'S FAILURE TO MAKE POST PETITION PAYMENTS.

Ninth Circuit case law clearly sets forth the duty of a Chapter 13 Debtor to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief. In *In re Gavia*, 24 B.R. 573 (Bankr. 9th Cir. 1982), the Bankruptcy Appellate Panel held that Debtors who lack sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for Chapter 13 relief.

In *In re Ellis*, 60 B.R. 432 (Bankr. 9th Cir. 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under Section 362(d)(1), and that it is the Debtor's burden to show that no cause exists.

As set forth in the Motion herein, the stay should be terminated immediately based on the Debtor's failure to make the regular monthly post-petition payments in the instant case.

### IV. RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THE PROPERTY HAS NO EQUITY.

The evidence demonstrates that there is no equity in the Property. By Debtor's own admission, the Property has a fair market value of $180,000.00 while the total indebtedness on the Property (excluding costs of sale) is $325,196.15. Based on the foregoing, the stay should be terminated immediately. EMC MORTGAGE has satisfied its burden under Section 362(d)(2).

### V. REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, EMC MORTGAGE requests that the Court take judicial notice of the following facts:

1. The Debtor contends that the Property has a fair market value of $180,000.00. See Exhibit "1."

2. The Debtor contends that there is a Second Lien on the Property. See Exhibit "1."

3. The Debtor intends to surrender the Property. See Exhibit "3."

### VI. CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief requested by EMC MORTGAGE including a waiver of the 14-day stay pursuant to Bankruptcy Rule 4001 (a)(3) and the requirements of Local Rule 9021.

DATED: July 29, 2010

Respectfully Submitted,

/s/ *Kevin Hahn*
KEVIN HAHN
Nevada Bar No. 9821
Attorney for secured creditor,
EMC MORTGAGE CORPORATION